**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RANDY JONES, | Case No. 2:15-cv-00010-APG-GWF |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND** |
| CLARK COUNTY SCHOOL DISTRICT, | |
| Defendant. | (Dkt. #11) |

Plaintiff Randy Jones was a school bus driver for defendant Clark County School District ("CCSD"). He alleges that the school district engaged in a "campaign of harassment, intimidation and bullying" in order to interfere with his rights under the Family Medical Leave Act ("FLMA"). He alleges that the school district's harassment inflicted severe emotion distress on him and resulted in his constructive discharge.

The school district moves to dismiss these claims and Jones's request for punitive damages. (Dkt. #11.) Because the complaint lacks sufficient facts, I dismiss Jones's claims with leave to amend. And because punitive damages are not recoverable against the school district, I dismiss Jones's request for punitive damages with prejudice.

**I.   BACKGROUND**

Since August 17, 1998, Jones was employed as a school bus driver by CCSD. (Dkt. #1 at ¶¶ 5, 15.) Jones allegedly suffered from "adjustment disorder with mixed anxiety and depressed mood, insomnia, [and] occupational stress," and took "several prescribed medications" for these conditions. (*Id*. at ¶¶ 19–20.)

Around February 2012, Jones's doctor recommended that he take a leave of absence. (*Id*. at ¶¶ 20, 24.) Jones advised CCSD of his conditions and "sought alternative employment" with the school district in order to avoid taking time off under the FMLA, but he did not succeed. (*Id*. at ¶ 25.) On March 13, 2013, Jones filed a charge of discrimination alleging that CCSD denied

him a reasonable accommodation for his disabilities, forced him to take a leave of absence under the FLMA, and treated him unfairly because of his disability. (*Id*. at ¶¶ 21–22.) On May 1, 2013, he was allegedly forced into retirement because he had exhausted his FLMA leave and CCSD refused to offer him an alternative position. (*Id*. at ¶ 27.)

On October 2, 2014, the Equal Employment Opportunity Commission sent Jones a right to sue letter. (*Id*. at ¶ 5.) On January 5, 2015, Jones commenced this action. The school district moves to dismiss Jones's claims for (1) interference with his FLMA rights, (2) constructive discharge, (3) intentional infliction of emotional distress, and (4) punitive damages.

## II.   ANALYSIS

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly* 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain [ ] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id*. at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id*.; *Brown v. Elec. Arts, Inc*. 724 F.3d 1235, 1247–48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged

misconduct. *Id*. at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id*. at 679 (internal quotation marks and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### A. Jones's claim for interference with his FLMA rights is dismissed with leave to amend.

Jones alleges that CCSD interfered with his FLMA rights by harassing him, giving him "the run around," refusing to honor his request for FLMA leave, and requiring him to take sick time before FLMA leave. (Dkt. #1 at ¶¶ 47, 48.) The school district moves to dismiss this claim, arguing that Jones exhausted his FLMA leave and voluntarily retired and the complaints' allegations are legal conclusions couched in the form of factual allegations.

CCSD's first basis for dismissal rests on medical documents that Jones faxed to the school district on January 18, 2013. (*See* Dkt. #11 at 4.) It states, "[due] to circumstances beyond my control my doctor ha[s] advised me to retire from driver due to the serious health condition described above and on the following page. It would be irresponsible of me to drive my special-need students while on medication and suffering from other symptoms described above." (*Id*.) Relying on this document, CCSD asserts that Jones voluntarily retired after he had already exhausted his FLMA leave, which occurred on October 18, 2012. Jones responds that I should not consider this document because it is outside the pleadings, and even if I did consider it, his FLMA claim is plausible.

I generally do not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule

12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

Although Jones does not dispute the authenticity of the medical documents that he faxed to the school district, I exclude the documents from my analysis because its contents are not alleged in the complaint. But even if they were, I am not persuaded that the documents are fatal to Jones's claim. Jones alleges that CCSD began interfering with his FLMA leave in February of 2012. The medical documents the school district relies on to argue that Jones voluntarily retired are dated January 18, 2013. It is therefore possible, as Jones alleges, that CCSD somehow interfered with his FLMA rights between February of 2012 and January of 2013.

Nonetheless, I grant the school district's motion to dismiss this claim because the allegations supporting it are legal conclusions couched in the form of factual allegations. For instance, Jones alleges that CCSD engaged in a "campaign of harassment, intimidation and bullying." (Dkt. #1 at ¶ 47). In support, he alleges that CCSD refused to honor his requests for time off, ignored his requests for time off, and gave him "the run around." (*Id*.) But he does not allege any dates on which this occurred, identify the supervisors or other employees who harassed him, or cite any other facts to support this claim. Because these allegations stop "short of the line between possibility and plausibility," I dismiss this claim with leave to amend. *Iqbal*, 556 U.S. at 678.

**B.     Jones's claim for constructive discharge is dismissed with leave to amend.**

Jones next alleges that CCSD constructively discharged him by forcing him to sign a CCF-164 form,[1] which was presented to him because CCSD had "no other employment options" for him. (Dkt. #1 at ¶¶ 58, 59.) CCSD asserts that Jones's allegations are not factually plausible and, even if they were, they would not state a claim for constructive discharge.

"[C]onstructive discharge occurs when the working conditions deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on

---

[1] A CCF-164 form is a notice of removal or retirement report.

the job to earn a livelihood and to serve his or her employer." *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000)). Although Jones's complaint alleges that the school district engaged in a "campaign of harassment, intimidation and bullying," it does not allege any facts that would allow me to draw the inference that his working conditions were "so intolerable that he felt compelled to resign." *Poland*, 494 F.3d at 1184. I therefore dismiss Jones's constructive discharge claim but grant him leave to amend if he can allege dates, identities, and facts surrounding the alleged harassment.

### C. Jones's claim for intentional infliction of emotional distress is dismissed with leave to amend.

Jones alleges that CCSD intentionally inflicted emotional distress upon him. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (1998) (quoting *Star v. Rabello*, 625 P.2d 90, 91–92 (1981)). Jones's allegations in support of this claim are largely conclusory. Nonetheless, his complaint contains allegations of systematic harassment that could support this claim if properly pleaded. I therefore dismiss Jones's intentional infliction of emotional distress claim with leave to amend.

### D. Jones's request for punitive damages is dismissed with prejudice.

CCSD moves to dismiss Jones's claim for punitive damages because punitive damages cannot be awarded against a political subdivision of the State of Nevada, which CCSD is. *See* Nev. Rev. Stat. § 386.010(2); 41.035(1). Jones concedes that punitive damages are not recoverable on any of his claims. I therefore dismiss Jones's punitive damages claim with prejudice.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Clark County School District's motion to dismiss **(Dkt. #11) is GRANTED**. Plaintiff Randy Jones may file an amended complaint curing

the deficiencies in claims of FLMA violation, constructive discharge, and intentional infliction of emotional distress claim by April 21, 2016.  If he fails to do so, the case will proceed on his remaining claims.  Jones's request for punitive damages is dismissed with prejudice.

DATED this 31st day of March, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE